IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| DANA BRENTON SIMPSON, | § | Case No. 24-42912 |
| | § | |
| Debtor. | § | |

**CREDITOR KURT KNAPTON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AGAINST DEBTOR'S ALLEGED PROPERTY WITHOUT WAIVER OF THE 30-DAY HEARING REQUIREMENT**

**14-DAY NEGATIVE NOTICE – LBR 4001(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter**

**TO THE HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Kurt Knapton ("Knapton" or "Movant"), a creditor of the Debtor in the above-referenced Chapter 11 bankruptcy case (the "Bankruptcy Case"), hereby files this *Motion for Relief from Automatic Stay* (the "Motion") pursuant to 11 U.S.C. § 362(d), Rule 4001 of the Federal Rules of

Bankruptcy Procedure, and Rule 4001 of the Local Bankruptcy Rules. In support of the Motion, Knapton respectfully states as follows:

## I. JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408, 1409.

2. Relief is sought pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Bankruptcy Rule 4001.

## II. EXHIBITS

3. In support of this Motion, Movant attaches the following exhibits and incorporates them herein by reference.

| **Exhibit A** | Arbitration Consent Award |
| **Exhibit B** | Corrected Final Judgment |
| **Exhibit C** | Order Granting Motion for Turnover and Imposing Death-Penalty Sanctions Against Debtor, entered October 17, 2024 |

## III. BACKGROUND

4. On December 2, 2024 (the "Petition Date"), Dana Brenton Simpson (the "Debtor") commenced the above-captioned bankruptcy case by filing a voluntary petition for relief under Chapter 11 (Subchapter V) of Title 11 of the United States Code ("Bankruptcy Code") solely to avoid a court-ordered sale of property.

5. Prepetition, the Debtor obtained money through fraud from Knapton through sham investments and fraudulent entities, ultimately damaging Knapton to the tune of not less than $850,000.

6. In an arbitration proceeding before the American Arbitration Association numbered 01-21-0002-2315 commenced by Knapton against the Debtor, Click Vision Group, LLC, and Acuity Advisors, LLC (collectively, the "Respondents"), Knapton and Respondents entered into an Agreed Arbitration Consent Award (the "Consent Award"). The Consent Award was signed and entered on July 21, 2022. A true and correct copy of the Consent Award is attached hereto as "**Exhibit A.**"

7. Pursuant to the Consent Award, the Arbitrator ordered that Knapton should have and recover from Respondents, jointly and severally, actual damages in the amount of $850,000 for civil fraud and concerted-misconduct estoppel committed by the Respondents against Knapton, plus post-judgment interest at the rate of 5%, compounded annually, until all amounts are paid in full. Pursuant to Debtor's agreement, the Consent Award is nondischargeable.

8. On August 30, 2022, Knapton filed his *Application to Confirm Arbitration Award* in the 141st judicial district court of Tarrant County, Texas, Cause No. 141-335985-22 (the "State Court")[1].

9. On or about October 31, 2022, the Consent Award was confirmed and reduced to judgment through a Corrected Final Judgment (the "Final Judgment") entered against Respondents in the State Court. The Final Judgment was ultimately abstracted in Denton County. A true and correct copy of the Final Judgment is attached hereto as "**Exhibit B.**"

10. Respondents refused to pay the judgment. Knapton therefore conducted initial asset and judgment-collection discovery against Respondents. The Debtor committed misconduct and discovery abuse by failing to answer discovery, including by asserting frivolous objections to discovery, lying in interrogatory answers, producing fabricated documents, and failing to appear

---

[1] The case was ultimately transferred to the 48th judicial district court and assigned cause number 048-344226-23.

for his deposition. Despite the Debtor's discovery misconduct, Knapton ultimately learned through discovery that the Debtor through Acuity Advisors, one of the Respondents, fraudulently purchased a $1 million residence on May 18, 2022 in Denton County.[2] The residence is located at 2621 Huntly Lane, Flower Mound, Denton County, Texas (the "Property"). The Debtor was the alleged record owner of the Property.

11. On May 30, 2024, the State Court entered an order enjoining the Debtor from transferring or further encumbering the Property.

12. On July 3, 2024, Knapton filed *Applicant's Motion for Declaratory Relief and for Turnover Relief* (the "Turnover Motion"), seeking a judgment that the Property is not Debtor's homestead and an order from the court requiring Debtor to turn over the Property for execution.

13. On September 9, 2024, Knapton filed *Applicant's Third Motion to Compel and Motion for Death-Penalty Sanctions against the Debtor* (the "Sanctions Motion").

14. On October 17, 2024, the State Court entered an order (the "Order") granting Knapton's Turnover Motion, finding that the Property is not the Debtor's exempt homestead and ordering the Debtor to turn over the Property to Denton County Constable for levy and execution sale under a writ of execution. The Order further found that the Debtor had "continued to engage in discovery abuse and ignore this Court's orders to properly answer discovery and pay reasonable expenses." A true and correct copy of the Order is attached hereto as "**Exhibit C.**" The Order is final.

---

[2] Acuity Advisors, LLC ("Acuity") filed a chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Texas on July 21, 2023, administered under case number 23-42106. Knapton and two of his affiliated entities, LRK-96, LLC and BEK-98, LLC, purchased all assets and claims of Acuity and its estate from the Chapter 7 Trustee by sale order entered on February 13, 2024.

15. On October 28, 2024, the Tarrant County District Clerk issued a writ of execution for the court-ordered execution sale of the Property.

16. On November 8, 2024, the Denton County Constable, Precinct 4, levied on the Property.

17. On the evening of November 18, 2024, Knapton's State Court counsel learned that Debtor was attempting to sell the Property in violation of the State Court's prior orders.

18. On November 19, 2024, Knapton filed an Emergency Motion for Enforcement of Order Against the Debtor.

19. The Property was set to be sold pursuant to the Order on December 3, 2024.

20. On December 2, 2024, Debtor filed this Bankruptcy Case *pro se* as an eleventh-hour effort to prevent the rightful sale of the Property to Knapton to satisfy Knapton's judgment for fraud obtained against the Debtor.

21. Despite having ample time, the Debtor has failed to comply with required Chapter 11 requirements, including (i) failure to append to the voluntary petition the documents required by section 1116(1) of the Bankruptcy Code; (ii) failure to file the declaration for electronic filing required by Local Bankruptcy Rule Appendix 5005 and Bankruptcy Rule 1008; and (iii) failure to file the Schedules of Assets and Liabilities and Statement of Financial Affairs by the December 16, 2024 deadline.

### IV. RELIEF REQUESTED AND BASIS FOR RELIEF

22. By this Motion, Knapton requests relief from the automatic stay as to the Property, including, without limitation, to enforce his execution rights on the Property pursuant to the Order and ultimately sell and dispose of the Property in satisfaction of the Final Judgment.

23. Under section 362(d)(1) of the Bankruptcy Code, the Court shall grant relief from the automatic stay upon a showing of "cause," including the lack of adequate protection of a movant's interest in property. "Cause" is not defined in the Bankruptcy Code, giving bankruptcy courts the flexibility to define cause in a particular case. *Little Creek Dev. Co. v. Commonwealth Mtg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986).

24. Courts in the Fifth Circuit and other circuits "have long recognized that bad faith constitutes cause for purposes of dismissal under section 1112(b) or relief from stay under section 362(d)(1)." *In re 1701 Commerce, LLC*, 477 B.R. 652, 657 (Bankr. N.D. Tex. 2012); *In re Schaffer*, 597 B.R. 777, 790 (Bankr. E.D. Pa. 2019) ("Cause exists to terminate the automatic stay when a chapter 11 petition has been filed in bad faith."). The Bankruptcy Code "imposes on debtors a duty not to abuse the judicial system." *Id.* "Facts that would justify dismissal of a bankruptcy case also generally constitute cause for granting relief from the stay under § 362(d)(1)." *Schaffer*, 597 B.R. at 790.

25. To determine whether a case has been filed in bad faith, courts must examine the totality of the circumstances. *Id.* Courts have identified a number of factors indicative of a bad faith filing, including:

1) the debtor has one asset, such as either undeveloped or developed real property, encumbered by secured creditors' liens,

(2) debtor has engaged in improper pre-petition conduct,

(3) the debtor's property has been posted for foreclosure, and the debtor has tried unsuccessfully to prevent this foreclosure in state court,

(4) the filing of bankruptcy enabled the debtor to evade court orders,

(5) the debtor employs few or zero employees other than its principals,

(6) there is little or no cash flow or source of income to sustain a reorganization, and

(7) there are few if any unsecured creditors and their claims are relatively small.

*Little Creek*, 779 F.2d at 1072-73.

26. Two of the most important factors for courts to consider include whether (i) the petition serves a valid bankruptcy purpose and (ii) the petition was merely filed to obtain a tactical litigation advantage. *In re Alexandra Tr.,* 526 B.R. 668, 680 (Bankr. N.D. Tex. 2015). Where the debtor's case is essentially a two-party dispute which can be resolved in state court, and the evidence shows that the filing for bankruptcy relief is "intended to frustrate the legitimate efforts of creditors to enforce their rights against the debtor, a finding that the petition was filed in bad faith is generally warranted." *In re Schaffer*, 597 B.R. at 791.

27. Section 362(d)(2) further provides that "the court shall grant relief from the stay . . . (2) with respect to a stay of an act against property under subsection (a) of this section, if-- (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization[.]" While "the party requesting such relief has the burden of proof on the issue of the debtor's equity in property[,] . . . the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g). Thus, reading these two subsections of § 362 in conjunction, the party opposing the relief from a stay—generally the debtor—bears the burden to demonstrate that such property is necessary to an effective reorganization. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375 (1988) ("Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the debtor to establish that the collateral at issue is 'necessary to an effective reorganization.'" (citing § 362(g))).

28. "To demonstrate that the collateral is necessary for an effective reorganization requires more than a showing that if there is conceivably to be an effective reorganization, this

property will be needed for it; the debtor must show that the property is essential for an effective reorganization *that is in prospect.*" *In re Imperial Pac. Int'l CNMI, LLC*, 2024 U.S. Dist. LEXIS 126105, at *7 (D. N. Mar. I. 2024) (emphasis in original) (internal citations and quotations omitted). This means that there must be a reasonable possibility of a successful reorganization within a reasonable time. *Id.*

29. Good cause exists to grant Knapton relief from the automatic stay with respect to the Property under sections 362(d)(1) and 362(d)(2).

30. First, cause exists under section 362(d)(1) because the State Court has already determined the Property is not Debtor's exempt homestead. In fact, the Property was obtained through fraudulently transferred funds. As such, the Property is not the Debtor's homestead, and is likely not property of the estate.

31. Second, the Court should lift the stay because this case was filed in bad faith. The totality of the circumstances support a bad faith finding against the Debtor. The Debtor filed this case for an improper purpose and to gain a tactical advantage over the litigation pending in the State Court. The Court should not countenance the delay tactics of a dishonest debtor and prejudice the right of Knapton to execute on the Property in satisfaction of his Final Judgment. The Debtor was repeatedly sanctioned in the State Court for failure to comply with court orders and for dishonesty. The Debtor has disrespect for the judicial process, only using it for his dishonest purposes. The Debtor has continued his pattern and practice of abuse of the court system by filing this case. The Debtor has not retained counsel in this case, has not complied with the most basic requirements of the Bankruptcy Code and Bankruptcy Rules by failing to timely file numerous required documents and disclosures, and has no hope of reorganizing. The Court should grant

Knapton relief from the automatic stay to sell the Property to satisfy the Final Judgment after years of litigation, delay, contempt, and fraud by the Debtor.

32. Third, cause exists because the Debtor and has no equity in the Property and the Property is not necessary for an effective reorganization that is in prospect. The judgment lien of Knapton fully encumbers the Property. The Debtor has no equity in the Property. The Property is not necessary for an effective reorganization because the Property is not Debtor's homestead as has already been determined by a final order entered by the State Court. Further, even if the Property is theoretically necessary for an effective reorganization, the Debtor has no means of effectively reorganizing and there is no reorganization that is in prospect.

## REQUEST FOR WAIVER OF FOURTEEN-DAY STAY

33. Knapton respectfully requests that if the Court grants the Motion that it waive the fourteen (14)-day stay imposed by Bankruptcy Rule 4001(a)(3).

## PRAYER

Knapton respectfully requests that this Court enter an order granting Knapton relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) to (i) continue the prosecution of the State Court Action as necessary or appropriate to effectuate a sale of the Property; (ii) pursue all rights, remedies, and actions available to Knapton under Texas law to satisfy Knapton's execution rights on the Property, including the sale of the Property; (iii) proceed with all other available rights and remedies Knapton has under Texas state law with respect to the Property; and (iv) granting Knapton such other relief as is just and proper.

Dated: December 19, 2024

Respectfully submitted,

*/s/ H. Brandon Jones*
H. Brandon Jones
State Bar I.D. No. 24060043
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6914 telephone
Email: brandon@bondsellis.com
Email: bryan.assink@bondsellis.com

ATTORNEYS FOR CREDITOR KURT KNAPTON

## CERTIFICATE OF SERVICE

I hereby certify that, on December 19, 2024, a true and correct copy of the foregoing document was served by the Court's CM/ECF system, or otherwise by first class mail, postage prepaid, upon each of the parties listed on the attached master mailing matrix, which includes the Debtor, the Subchapter V Trustee, the Office of the U.S. Trustee, known secured creditors, the twenty (20) largest unsecured creditors, all applicable governmental units, and all parties who have filed a notice of appearance or request for notice in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink